DOMENICK PACIO, Respondent, v. ROSARIO LAGUZZA, Appellant.— Order restraining defendant from maintaining a chicken coop in violation of an order and regulation of the board of health of the city of Poughkeepsie affirmed, without costs. No opinion. There should be an early trial of this cause. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

MARGRETH C. RASMUSSEN, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.—Action under a life insurance policy to recover double indemnity for accidental death by carbon monoxide poisoning. Appeal from judgment dismissing complaint at close of plaintiff's case. Judgment affirmed, with costs. No opinion. Kapper, Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents and votes for reversal and a new trial upon the ground that plaintiff's Exhibit 1 for identification should have been admitted in evidence upon proof that it had been delivered to assured during negotiations prior to the delivery of the policy, to show what the parties meant by the word " gas." That word has a general as well as a limited meaning. One definition (Standard Dict.) is "An aeriform mixture used as illuminant or fuel." It is such a gas that many have in mind when speaking of death by gas. The word being ambiguous, prior negotiations may be proved to show the meaning intended.

GEORGE E. F. SAUM, Respondent, v. CAPITAL REALTY DEVELOPMENT CORPORATION, Appellant.— Judgment, entered on a directed verdict awarding the plaintiff, a real estate broker, commissions for the leasing of real property, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ.

CLARA O. STADTMULLER, Plaintiff, v. HARRY SCHORR, Appellant, and Others, Defendants. DAVID ISENBERG, Receiver, Respondent.— Order fixing rent of premises under foreclosure, directing that such rent be paid weekly, and that on failure of payment the occupants shall surrender the premises to the receiver, reversed on the law and the facts, without costs, and matter remitted to the Special Term to ascertain the amount received by appellant for the use of rooms actually occupied by appellant's guests from July 3, 1934. Such amount may be ascertained by deducting from the amount received by appellant for room and board the reasonable value of the board, the use of the contents of the rooms, and service, if any. In the absence of such proof the reasonable value of the rooms so occupied, as if unfurnished, may be taken as the basis of determining what appellant has received therefor. When the sum is ascertained, appellant should be directed to pay the same to the receiver. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.